IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JOE LOUIS BYRD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOHN FAYRAM, Warden; ANAMOSA STATE PEN.,<br><br>　　　　Defendant. | No. C 12 cv 99 EJM<br><br>ORDER |

This matter is before the court on plaintiff's resisted Motion to Clarify and Reconsider its December 20, 2013 Order, insofar as it denied plaintiff's previous motion for an evidentiary hearing. Denied.

Plaintiff, presently incarcerated in the Anamosa State Penitentiary, Anamosa, Iowa, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. The court has jurisdiction pursuant to 28 USC §1331.

After another review of the petition and the record, the court upholds its previous conclusion that an evidentiary hearing is not warranted. Regarding whether an evidentiary hearing is warranted, 28 U.S.C. § 2254(e)(2) provides:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> 　(A) the claim relies on—
> 　　(i) a new rule of constitutional law, made retroactive to cases on collateral review by

> the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

Due to the limits set forth in 28 U.S.C. § 2254(e)(2), the court concludes that an evidentiary hearing is not warranted. See Hall v. Luebbers, 296 F.3d 685, 700 (8th Cir. 2002) (discussing standard for conducting an evidentiary hearing under 28 U.S.C. § 2254(e)(2)); Kinder v. Bowersox, 272 F.3d 532, 542 (8th Cir. 2001) (finding it was proper for district court not to hold an evidentiary hearing because the petitioner did not meet the requirements of 28 U.S.C. § 2254(e)(2)).

Nothing new has been presented to change the original analysis. Motion to reconsider will be denied.

It is therefore

ORDERED

Denied.

February 5, 2014.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT