IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JOE LOUIS BYRD,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF IOWA and JOHN FAYRAM,<br>Warden, et al.,<br><br>Respondents. | No. C12-99 EJM<br><br>ORDER |

This matter is before the court on Petitioner's and Respondents' resisted motions to amend judgment, filed August 27, 2014 and September 5, 2014. Both denied.

Plaintiff, presently confined in the Anamosa State Penitentiary, Anamosa, Iowa, (ASP) brings this habeas corpus action under 28 U.S.C. §2254 claiming that the procedure during a disciplinary action for the petitioner's involvement in a rape assault violated his constitutional rights. Jurisdiction under 28 USC §1331.

On August 20, 2014, this court filed an order finding that the Iowa Department of Corrections' transfer of Petitioner's disciplinary case in the middle of a hearing after it saw where the ASP Administrative Law Judge (ALJ) was headed, to a different ALJ at a different prison, was a denial of due process. The court voided the transfer and remanded the case back to an ASP ALJ.

Petitioner now seeks to amend the judgment from a procedural remedy for a procedural wrong to a substantive result on the merits, because the harm is not curable and because the original ASP ALJ has since retired. Petitioner asks this court to amend its judgment to enter judgment of expungement of the disciplinary action instead of

referring the case back to the successor ASP ALJ for further proceedings. Respondents seek reconsideration, but mainly resist Petitioner's motion to enter judgment of expungement.

The denial of due process caused by the wrongful transfer of the case from the ASP ALJ is fully rectified by voiding the transfer and remanding the case back to the ASP ALJ for further proceedings. Harmon v. Auger, 768 F.2d 270, 277 (8th Cir. 1985.) This remains true even though the original ASP ALJ has since retired and the current ASP ALJ is his successor. State v. Henderson, 243 La. 233, 142 So.2d 407 (1962.)

It is therefore

ORDERED

Both denied.

September 10, 2014

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT